WOFFORD *v.* TWIN CITY BRICK & TILE COMPANY.

Opinion delivered July 13, 1931.

166

*Hill, Fitzhugh & Brizzolara,* for appellant.

*A. M. Dobbs,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists that Wilkins, a trustee of the common-law trust, could not purchase for himself or his wife the property which was acquired for development and operation of the business of the trust, and that such purchase must necessarily operate for the benefit of the trust, and the land be held by him for it, as he agreed would be the case in the purchase thereof. Wilkins did not deny that he had agreed that it would be for the best interest of the trust to purchase the 10 acres of land from the lessor, nor that he later notified the appellant that he had purchased it, paying $800 therefor, and the trust could have

it when they wanted it upon payment of the purchase price.

Within the doctrine and principles announced in *Haskell* v. *Patterson,* 165 Ark. 65, 262 S. W. 1002, and *Oil Fields Corporation* v. *Dashko,* 173 Ark. 533, 294 S. W. 25, a trustee under a common-law trust agreement is impliedly prohibited from purchasing on his individual account the property necessary for the use of the trust in the operation of its business for the purposes for which it was organized. The testimony herein shows that Wilkins acquired the title to the property in controversy under such circumstances as constituted a constructive trust, and that it would be a fraud upon the members of the trust to allow him to hold it in his individual right or to have the title conveyed to another to be so held against the interest of the trust, and he could not purchase said property for himself or another under such circumstances; hence it must be considered held for the benefit of the trust upon payment of the purchase price by it, as he gave assurance would be done upon making the purchase. In other words, the trust would be required to pay the amount of the purchase price of the land with interest to the purchaser, and this must be held to have been done in the payment to said purchaser of more than this amount in royalties for shales used off the tract of land in accordance with the terms of the lease under which it was first held. The court erred in decreeing otherwise, and, since the undisputed testimony shows that the holder of the title to the 10 acres of land so purchased has more than been paid, the entire amount of the purchase money with interest, it must be held to be the property of the trust and subject to the payment of its debts and liabilities. The chancellor's finding otherwise is not supported by the preponderance of the testimony, and is contrary thereto.

The decree is accordingly reversed, and the cause remanded with directions to enter a decree in accordance with this opinion.